UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 1-04-CR-111 |
| v. ) | |
| ) | JUDGE CURTIS L. COLLIER |
| ) | MAGISTRATE JUDGE LEE |
| ROBERT BYNUM ) | |

**REPORT AND RECOMMENDATION**

This matter came before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct such evidentiary hearings as deemed necessary and to issue a report and recommendation as to the defendant's mental competency to stand trial.

Those appearing for the mental competency hearing on Wednesday, April 6, 2005 included the following:

1. AUSA Chris Poole for the government.
2. Attorney Robert Philyaw for defendant.
3. Deputy Clerk Kelli Brown.
3. Court Reporter Shannan Andrews.

Defendant Robert Bynum was not present at the hearing, but counsel agreed to proceed with the hearing without the defendant's presence.

On October 21, 2004 the defendant filed a motion pursuant to 18 U.S.C. §§ 4241, 4242, and 4247 for a hearing to determine his mental competency to stand trial and to determine his sanity at the time of the offense (Court File No. 48). On November 1, 2004, the Court held a hearing on the motion, and defendant through counsel withdrew the portion of his motion regarding an evaluation of his sanity. After the hearing, the Court entered an Order of Commitment for Mental Evaluation (Court File No. 55) to determine whether the defendant is suffering from a mental disease or defect

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court further ordered the defendant to be taken into custody for transport to a suitable federal medical center for evaluation (Court File No. 65). Except for the period required to transport the defendant and to conduct his mental evaluation, the defendant has been on release pending trial in this case.

Forensic Psychologist Randall Rattan, Ph.D., performed a forensic mental evaluation of the defendant, and the Court filed Dr. Rattan's report under seal in the court file (Court File No. 80). At the April 6, 2005 hearing, the parties relied upon Dr. Rattan's evaluation and agreed with his conclusions that the defendant is currently not competent to proceed to trial because he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. The evaluation indicated there is a substantial probability the defendant may be restored to competency in the foreseeable future.

When the question of competency is raised, the government has the burden of proving a defendant is competent to stand trial by a preponderance of the evidence. *United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *United States v. Velasquez*, 885 F.2d 1076, 1089 (3d Cir. 1989); *Lowenfield v. Phelps*, 817 F.2d 285, 294 (5th Cir. 1987). In this case the Government relies on Dr. Rattan's evaluation of the defendant and his conclusion as to the defendant's competency, and the Government stated it has no proof to dispute the evaluation.

In light of the pleadings and the evidence presented, it is **RECOMMENDED** the Court find the defendant Robert Bynum not competent to understand the nature and consequences of the proceedings against him and not able to assist in his defense at this time. Therefore, it is hereby

**RECOMMENDED**[1]:

    (1) The Court commit the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

    (2) The Attorney General hospitalize the defendant for treatment in a suitable medical facility:

        A. For a reasonable period of time not to exceed four (4) months as is deemed necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to stand trial, and

        B. For an additional reasonable period of time until:

        1. Defendant's mental condition is so improved that the trial may proceed if the Court finds there is a substantial probability that within such an additional period of time he will attain the capacity to permit the trial to proceed, or

        2. The pending charges against defendant are disposed of according to law, whichever is earlier.

    (3) The defendant report as directed by the United States Marshals Service to be taken into custody for transportation to the designated facility.

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

(4) The defendant be transported by the United States Marshals Service to the designated facility and to notify the Court upon his return.

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE